Filed 11/23/20  Marriage of Brown CA CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re the Marriage of DONNA and NICHOLAS BROWN. | A156856 |
| DONNA BROWN,<br><br>Appellant,<br><br>v.<br><br>NICHOLAS BROWN,<br><br>Respondent;<br><br>SAN MATEO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>Respondent. | (San Mateo County Super. Ct. No. FAM079140) |

Donna Brown challenges three family court orders concerning child support payments owed by her ex-husband, Nicholas Brown.[1]  Donna contends the family court erred by, among other things, (1) failing to adjust Nicholas's support orders to account for his earning capacity and bonuses he received from his employer, (2) denying her requests for attorney fees and

---

[1] We identify the parties by their first names hereafter for clarity.  We intend no disrespect in doing so.

sanctions, (3) considering Nicholas's request for clarification of orders, and (4) reducing his child support payments. We affirm.

## I. BACKGROUND

Donna and Nicholas's marriage was dissolved in 2004. They are parents of one child who has emancipated. In a stipulation executed by the parties in January 2011, Nicholas agreed to make monthly child support payments of $3,700 through December 2012, with increased support if his income was more than $642,000 in a year.

In 2013 and 2014, the family court entered orders modifying the amount of child support Nicholas was required to pay. In September 2013, the family court ordered Nicholas to pay base child support of $2,190 per month. The attached DissoMaster calculation reflected that the guideline support order was based on his monthly income of $27,083 plus nontaxable income of $1,455 per month.[2] In addition to base child support, the family court also ordered Nicholas to pay to Donna 5.5 percent of any bonus received in excess of his regular pay within 10 days of receipt (Smith Ostler order).[3]

In April 2014, the court set Nicholas's child support obligation at $2,752 per month based on his wages and nontaxable income. The support

___

[2] Family Code section 4055 sets forth the statewide uniform guideline for determining child support as an algebraic formula. (See *Y.R. v. A.F.* (2017) 9 Cal.App.5th 974, 983 [trial court making child support order must begin by making a formula calculation under § 4055; such support amount under the guideline's algebraic formula is " ' "presumptively correct in all cases" ' "].) " 'The DissoMaster is a privately developed computer program used to calculate guideline child support under the algebraic formula required by section 4055.' " (*Y.R.*, at p. 980, fn. 10.)

[3] (See *In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33, 37 [affirming a trial court's discretion to augment child support based on a percentage of the obligor parent's future bonuses].)

2

amount was based on Nicholas's monthly wages and salary of $25,535, and his nontaxable income of $1,800 per month. The family court also ordered Nicholas to pay 5.5 percent on any earned taxable gross income that exceeded $25,535 per month as additional child support.

Following a hearing on November 18, 2014, the family court issued an order modifying Nicholas's child support obligation to $2,861 per month, retroactive to March 1, 2014 (November 2014 order). The guideline child support order was based on Nicholas's monthly wages and salary of $25,535, and his nontaxable income of $1,800 per month. The court also ordered that "[t]he order regarding Smith Ostler and all other prior orders shall remain in full force and effect." The court then continued the matter for further hearing to December 1, 2014.

On November 24, 2014, Donna filed "further briefing" requesting the correction of support to reflect Nicholas's pay. Among other things, she argued the Smith Ostler order for additional support should be based on "all earnings above base pay." She also contended the Smith Ostler percentage was no longer 5.5 percent under the DissoMaster table and should be corrected to reflect the increase in support amount. When Donna raised these issues at the December 1 hearing, the family court stated "DCSS" should prepare an amended order to state the Smith Ostler additional support is paid directly to Donna.[4] The court also stated DCSS needed to re-

_____

[4] The duty to establish, modify, and enforce child support obligations has been assigned to a local child support agency (LCSA) in each county. (Fam. Code, §§ 17304, 17400, subd. (a).) LCSA's are mandated to provide services to children receiving public assistance, as well as any child not receiving public assistance if some individual requests such services for the child. (42 U.S.C. § 654(4)(A); Fam. Code, § 17400, subd. (a).) As an LSCA, the San Mateo County Department of Child Support Services (DCSS) is providing services in this case at Nicholas's request.

run the tables. The family court instructed Donna to "prepare the child support order. Send them [*sic*] to dad and together make objections or changes you wanted. If you can't agree then send me the whole package then I will finalize the whole order." The court stated any disputes regarding the proposed order would be "hash[ed] out in writing."

The family court issued a formal order on December 24, 2014 (December 2014 order) based on both the November 18 and December 1 hearings, reflecting that child support would be $2,861 per month, commencing March 1, 2014. The support award was based on Nicholas's wages and salary of $25,535 per month and nontaxable income of $1,800. The order also stated: "The prior Smith Ostler order remains in effect for [Nicholas's] income greater than $25,535 + $1,800, to be paid directly to [Donna] by [Nicholas] within 10 days of receiving a bonus." The record reflects that the December 2014 order was prepared and approved as to form by Donna.

Over a year later, on February 10, 2016, Judge Susan Greenberg entered an "Amended Findings and Order After Hearing" (February 2016 order). The order was prepared by the family law facilitator, stated it was based on the November 18, 2014 hearing, and like the November 2014 order, stated child support would be $2,861 per month, commencing March 1, 2014. It also stated: "This matter is continued for further hearing on 12/01/14,"[5] and "The order regarding Smith Ostler and all other prior orders shall remain in full force and effect." Essentially, it appears the February 2016 order reflected the content of the November 2014 order, except that it included three additional pages entitled "Annual Bonus Table For Father,"

[5] This is curious because the order appears to have been prepared on February 9, 2016 and was filed on February 10, 2016.

4

reflecting that the percentage of bonus income Nicholas would pay as additional child support started at 6.2 percent but would change based on the amount of bonus wages received. The record is silent as to how or why the February 2016 order was issued. Nor is it clear why it only addressed the November 18, 2014 hearing and not the December 1, 2014 hearing, both of which were addressed in the December 2014 order.

In September 2017, Donna filed a request for order seeking to impute income to Nicholas, seeking "arrears," and requesting reimbursement of $6,000 to the child.[6] On October 25, 2017, the hearing was continued to January 25, 2018.

In the interim, Nicholas received a $50,000 bonus from his employer in December 2017.[7] On January 25, 2018, Nicholas filed a request for order seeking clarification about the calculation of additional child support owed on the December 2017 bonus and a change in his support order based on a reduction in income. As to the calculation of additional child support due for this bonus, he contended that DCSS miscalculated the amount of extra support he owed because it improperly calculated he owed 6 percent of the entire $50,000 ($3,000) based on the February 2016 order. Nicholas argued the December 2014 order, not the February 2016 order, was the controlling order, and that by his calculations, he owed approximately $71. Nicholas argued the February 2016 order could not be interpreted to have modified the December 2014 order because it stated, "The order regarding Smith Ostler

---

[6] The notice of hearing in the record on appeal states it is accompanied by a memorandum of points and authorities and a declaration by Donna supporting the request for order, but those items were not included in the record on appeal.

[7] Nicholas is an attorney and shareholder at an international law firm.

5

and all other prior orders shall remain in full force and effect." Nicholas also sought to modify the existing child support order based on a reduction in his income from $325,000 a year to $250,000 a year. Nicholas filed a simplified financial statement stating his new salary was $20,833 a month and attached six biweekly paystubs showing his reduced salary. DCSS subsequently filed a responsive declaration to Nicholas's request for order, also requesting "clarification of the terms of the Smith Ostler order, which commences March 1, 2014."

At the January 25, 2018 hearing, the family court continued the hearing on both Donna's and Nicholas's requests for orders to March 29, 2018, which were then continued to June 21, 2018. Donna's attorney filed a stipulation to have a court commissioner act as a temporary judge for all purposes, but the stipulation was signed only by her attorney and not by Nicholas.

At a hearing before Commissioner Rachel Holt on June 21, 2018, Nicholas, Donna's attorney, and an attorney for DCSS appeared. Donna was not present. Commissioner Holt presided over the hearing and issued findings and a recommended order. Commissioner Holt found the February 2016 order was the controlling order related to calculation of additional child support, and ordered DCSS to continue to calculate additional child support using Nicholas's earned income in excess of $25,535 a month.

After Nicholas objected to Commissioner Holt's recommended order, a de novo hearing was held before Judge Don Franchi on September 26, 2018. Prior to the hearing, DCSS filed a responsive declaration. DCSS informed the court it had not been present for any of the hearings that occurred in 2014, but it provided transcripts from the November 18 and December 1, 2014 hearings to assist the court in determining which Smith Ostler order

6

was the controlling order. DCSS also attached the transcript from the June 21, 2018 hearing before Commissioner Holt. DCSS explained it had sent regular demand letters to Nicholas for payment, along with copies of spreadsheets for their Smith Ostler calculations, and he had not objected to prior calculations and paid promptly when additional support was owed.

At the contested September 26, 2018 de novo hearing, Nicholas, Donna's attorney, and an attorney for DCSS all appeared. Donna was not present. After considering Commissioner Holt's recommended order, the submitted briefs, and the parties' oral arguments, the family court determined the February 2016 order was void on its face because it was filed after the time to appeal had lapsed, and Donna had not filed a motion to amend or set aside the previously filed order. The family court also concluded that the Smith Ostler provision in the December 2014 order controlled for purposes of calculating additional child support. Under that order, the base income for calculating additional support was $25,535 plus $1,800, or $27,335 per month. Nicholas was to pay 5.5 percent of all monthly income above that amount directly to Donna, and the court ordered that interpretation of the Smith Ostler order would apply to Nicholas's December 2017 bonus.[8] The formal order for the September 26, 2018 proceeding was filed on December 24, 2018 (December 2018 order).

A few weeks later, on January 16, 2019, Donna filed a motion under Code of Civil Procedure section 663 to vacate Judge Franchi's December 2018 order. Donna argued the trial court lacked jurisdiction to hold the de novo hearing because Nicholas had stipulated to the commissioner; the de novo hearing was improper because no motion was filed to bifurcate the Smith

---

[8] Nicholas waived recalculation of additional support for any prior bonus income received.

7

Ostler issue from the other issues before the court; the court was precluded from considering the issues raised in Nicholas's January 25, 2018 request for order because the December 2017 bonus preceded the motion; the trial court lacked jurisdiction to sua sponte void the February 2016 order without giving prior notice to the parties; Judge Greenberg, on the other hand, had jurisdiction in 2016 to sua sponte issue an amended order to correct a clerical error; and Nicholas's request for order was time-barred because it had been enforced for two years and Nicholas had had actual notice of the February 2016 order. DCSS opposed Donna's motion to vacate, contending the family court correctly ruled the February 2016 order was void, and the family court was not precluded from considering Nicholas's motion for clarification of the controlling Smith Ostler order because his motion was a not a request for retroactive recalculation of support. Following a hearing on February 26, 2019, Judge Franchi issued a minute order denying the motion. A Judicial Council form FL-688 order entered on May 8, 2019 also denied Donna's January 16, 2019 motion to vacate.

On March 21, 2019, a hearing was finally held before Commissioner Holt on Nicholas's January 2018 request for order modifying child support and Donna's 2017 request for order to impute income. A staff attorney for DCSS, Nicholas, and Donna's attorney were present at the March 21 hearing. Donna did not attend the hearing. Nicholas again objected to the commissioner hearing the matter as a temporary judge.

At the March 21 hearing, the attorney for DCSS summarized the issues before the court to include (1) Donna's request to impute income to Nicholas and her request that the court set arrears for the period of August 2006 to December 2006; (2) Nicholas's request to modify the amount of child support based on a decrease in income; and (3) Donna's motion for sanctions.

8

Commissioner Holt then heard from DCSS, Nicholas, and Donna's attorney regarding proposed guideline calculations filed by DCSS before the hearing and the use of a Smith Ostler order going forward. Nicholas testified under oath regarding his bonuses, knowledge of his firm's revenue and compensation structure, his income and earnings history, his hourly rate and hours billed in 2018, education, past work experience, accolades he received as a patent litigator, deferred income, and shares he held in his law firm. Commissioner Holt also heard argument from Donna's attorney and Nicholas on the issues of imputation of income, attorney fees, and sanctions.

At the conclusion of the hearing, Commissioner Holt issued an oral statement of decision, noting DCSS would prepare a finding and recommendation for further review in another department. She denied Donna's request for attorney fees and sanctions, denied Donna's request for imputation of income, and asked DCSS to prepare a Smith Ostler order for the remaining months going forward. The attorney for DCSS reminded Commissioner Holt that Donna had filed a motion in limine to exclude DCSS declarations. Commissioner Holt denied the motion in limine. On March 27, 2019, Commissioner Holt issued written findings and recommendations on the issues addressed at the March 21 hearing.

Judge Susan Greenberg reviewed the March 27, 2019 recommended order on July 12, 2019. Judge Greenberg made the recommended order a temporary order but did not otherwise ratify the order or set further hearing on the matter. The order was entered on July 16, 2019.

## II. DISCUSSION

On appeal, Donna challenges the three family court orders entered on February 26, May 8, and July 16, 2019. The February 26 minute order and May 8 order both denied Donna's motion under Code of Civil Procedure

9

section 663 to set aside the December 2018 order determining the controlling Smith Ostler order for calculation of additional child support. The July 16, 2019 order resolved issues raised in Donna's and Nicholas's requests for orders filed in September 2017 and January 2018, respectively. It denied Donna's request for attorney fees and sanctions, denied her motion in limine to exclude DCSS declarations in support of proposed guideline calculations, and established Nicholas's support payments for January 2019 through June 2019. Donna contends the trial court erred in issuing all three of the challenged orders.

## A. *Standard of Review*

An order modifying child support, including a decision on imputation of income, is reviewed for abuse of discretion. (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 555–556.) A trial court's order denying a motion in limine to exclude evidence is likewise reviewed for abuse of discretion (*McCoy v. Pacific Maritime Assn.* (2013) 216 Cal.App.4th 283, 295), as is a denial of attorney fees and costs under Family Code[9] section 2030 and sanctions under section 271 (*In re Marriage of Siva* (2020) 53 Cal.App.5th 1170, 1182).

Under an abuse of discretion standard, the trial court's orders are presumed correct. "We determine 'whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.' " (*In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 753.) We construe all evidence and indulge all reasonable inferences in support of the trial court's order. (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 291; *In re Marriage of Gray* (2002)

---

[9] All further statutory references are to the Family Code, unless otherwise indicated.

103 Cal.App.4th 974, 977–978.) Donna, as appellant, has the burden to affirmatively demonstrate error on appeal. (*Gray*, at p. 978.)

## B. *February 26 and May 8 Orders*

Donna first challenges the family court's February 26 and May 8, 2019 orders denying her Code of Civil Procedure section 663 motion to vacate the December 2018 order. For several reasons, we reject her claim that the trial court erred.

As an initial matter, Donna has forfeited her challenge to the February 26 and May 8 orders by failing to explain with reasoned legal argument, citation to the record, or relevant legal authority how the family court erred in denying *her motion to vacate* that was filed in January 2019. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."].) Although Donna explains why she believed the family court erred in its *December 2018 order*, and cites legal authority in support of that argument, she fails to explain why the family court erred in denying her motion to vacate. Accordingly, we deem her arguments forfeited.

In any event, Donna's motion to vacate was untimely. Under Code of Civil Procedure section 663a, Donna was required to *file with the clerk* and serve notice of her intent to vacate the December 2018 order within 15 days of the date of mailing of notice of entry of the order by any party. On December 31, 2018, the attorney for DCSS served notice of entry by mail. Donna filed her motion on January 16, 2019, one day late.[10] Because her motion was untimely, the family court lacked jurisdiction to consider it. (*Airs*

---

[10] Donna's proof of service states she served the motion on Nicholas and DCSS on January 15, 2019.

*Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2020) 50
Cal.App.5th 1009, 1013, fn. 6 [Code Civ. Proc., § 663a sets a jurisdictional
deadline that cannot be extended]; *In re Marriage of Furie* (2017)
16 Cal.App.5th 816, 830–831 [trial court was without jurisdiction to consider
untimely motion under Code Civ. Proc., § 663].)

Further, though somewhat unclear, it appears Donna attempts to
challenge the family court's December 2018 order itself rather than the
denial of her motion to vacate the order. We reject any such attempt because
Donna did not include the December 2018 order in any of her notices of
appeal.[11]

Even assuming we may review the December 2018 order, however, we
are unable to conclude the family court erred in determining the
December 2014 order governed the calculation of Nicholas's December 2017
bonus. Once a judgment has been entered, the trial court loses its
unrestricted power to change that judgment. (*Rochin v. Pat Johnson
Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1237.) While the court may
correct clerical errors, it cannot amend a judgment to substantially modify or
materially alter the rights of the parties under its authority. (*Ibid.*) Unless
the amendment corrects a clerical error appearing on the face of the record,

---

[11] Donna filed four notices of appeal in this matter: (1) a notice of
appeal filed on March 26, 2019, from the order entered on "March 21, 2019,"
"Order after Family Law Trial 3/22/19, and Order After Motion to Vacate
Order 2/26/19"; (2) an amended notice of appeal filed on April 23, 2019,
regarding orders entered "2/26/19; 3/27/19," "Family Law-Trial-Child Support
Modification Hearing"; (3) a second amended notice of appeal filed on
June 26, 2019, on orders entered "2/26/19; 5/08/19," "Order on Motion to
Vacate Order per C.C.P. 663 after Family Law-Trial-Child Support"; and
(4) a third amended notice of appeal filed on July 18, 2019, stating an intent
to appeal orders entered on "7/12/19; 2/26/19; 5/08/19," "Family Law Order
After Hearing; Order on Motion to Vacate Order per C.C.P. 663."

amendment requires notice to all parties whose rights would be substantially affected, a hearing, and evidence sufficient to make the necessary factual determinations. (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 44.)

Donna argues Judge Greenberg had the authority in February 2016 to correct clerical errors sua sponte and the February 2016 order was thus not void on its face. There is no indication in the record, however, that the February 2016 order reflected correction of a *clerical error* on the court's own motion. Rather, the February 2016 order substantially affected the rights of the parties in that it reduced the amount of base income (from $27,335, as reflected in the December 2014 order, to $25,535) that would trigger additional child support obligations, and increased the percentage of additional support to be paid by substituting the 5.5 percent requirement under the April 2014 order for the percentages listed in the bonus tables attached to the February 2016 order.

In the December 2018 order, Judge Franchi concluded the February 2016 order was void on its face because it was issued after the time to appeal the December 2014 order had expired and it was not the subject of a noticed motion. Donna contends this was error because the February 2016 order "stemmed from orders issued by Honorable Greenberg where [Nicholas] was present and had notice of what was required of him in regards to his support and Smith-Ostler." Donna cites no record evidence in support of this argument. Moreover, as noted above, the record is silent as to the reason or impetus for the February 2016 order, and it is unclear why the February 2016 order, which was prepared by the family law facilitator, referenced only the November 18, 2014 hearing. The December 2014 order by contrast,

13

*prepared by Donna and approved by her as to form*, referenced both the November and December 2014 hearings.

Donna also contends the family court lacked jurisdiction to grant Nicholas relief under section 3653 because his request for order was filed on January 25, 2018, seeking relief on a December 2017 bonus that predated the filing of his request for order. Section 3653, subdivision (a) provides that an order modifying or terminating a support order may only be made retroactive to the date of the notice of motion to modify or terminate. Donna's argument fails because Nicholas did not seek to retroactively modify or terminate a support order, but to determine which of two apparently conflicting orders applied to calculation of the bonus payment.[12]

In light of the absence of evidence in the record supporting Donna's arguments, we are unable to determine the family court erred in issuing the December 2018 order.

## C. *July 16 Order*

Donna raises several claims of error with respect to Judge Greenberg's July 16, 2019 order. To the extent we can discern them, we address each in turn.

First, Donna argues the family court failed to use the proper legal standard in assessing her motion for attorney fees under sections 2030 and

---

[12] Donna also argues Nicholas's request for order "was disallowed by Fam. Code § 17432[, subdivision] (f), which prohibits matters be brought back before the Court after one year, and of the first collection of support." Section 17432, subdivision (f) concerns the time limit for setting aside certain child support orders after a default judgment, which is inapplicable here because DCSS did not obtain a default judgment against Nicholas. (Fam. Code, §§ 17432, subd. (b), 17430.)

14

2032 and for sanctions under section 271.  We reject her arguments because once again, Donna fails to support her arguments with citations to the record or reasoned argument.  She contends the commissioner erred in characterizing her attorney fees as unreasonable when "it expected her to conduct discovery because [Nicholas] failed to produce documents and where he improperly moved the Court regarding his 2017 bonus."  But she does not cite any portion of the record to support this statement, nor explain these conclusory contentions.  Although Donna cites several cases in support of her argument, she does not address how the facts and holdings in those cases relate to the facts of this case or to the family court's exercise of discretion in denying her fees on this record.

In ruling on a needs-based fee award, the court shall make findings on whether an award of attorney fees for the cost of maintaining or defending the proceeding is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one of the parties is able to pay for both parties' representation.  (§ 2030, subd. (a)(2).)  In her motion for attorney fees filed on March 7, 2018, Donna requested attorney fees and sanctions under Family Code sections "271, 3577."[13]  She stated she needed $10,000 and unspecified costs of discovery "for 4 large issues: arrears, enforcement of orders to produce documents, imputation of income and support modification."  The declaration attached to her request stated there were large earnings and asset disparities between the parties and that the current hearing on calendar was "necessitated by [Nicholas's] attempt to evade his

---

[13] It appears the citation to Family Code section 3577 is a typographical error because there is no Family Code section 3577.  Presumably, Donna intended to cite section 3557, which provides for mandatory attorney fees in support enforcement proceedings.

15

Smith/Ostler payment—that he withheld, his refusal to produce earning documents, refusal to pay support, and his act of intentional deferring his earnings to avoid paying child support." She also stated, "DCSS has been required to intercept Nick's funds to pay support because Nick's law firm failed to withhold funds from his paycheck; and, Nick refuses to pay support requiring DCSS intervention." Nicholas filed a responsive declaration arguing Donna's request should be denied because her fees were sought "primarily to pay for re-litigating issues that have already been decided." He responded to each of the four reasons Donna requested fees.

The transcript from the March 21, 2019 hearing reflects Commissioner Holt heard argument from the parties about Donna's motion for attorney fees. Donna's attorney argued it was "reasonable and necessary" for Donna to have representation during hearings he attended on her behalf and requested $7,000 in fees. DCSS described for Commissioner Holt the hearings that had been held since June 21, 2018, and Nicholas argued, "[A]ll of what's happened over the past two years has been generated by [Donna's] actions." He indicated he was "opposed to granting attorneys' fees to [Donna] to encourage her to litigate" and argued it was "unfair to award her attorneys' fees to allow her to continue to pursue issues like [his] arrears for 2006 because that would be imputing income which were already litigated in 2011 or 2012 . . . when [he] first changed firms and [his] income went down." In her oral statement of decision, Commissioner Holt concluded that attorney fees were not warranted because "based upon [her] history of this case, . . . many of the hearings were deemed necessary based on [Donna's] action." Commissioner Holt also noted DCSS spends significant time in cases such as this in explaining child support determinations to parents and enforcing child support orders. Based on these statements, it appears Commissioner Holt

16

determined Donna was responsible for generating the attorney fees and an award of attorney fees would not be appropriate. Donna does not explain how that decision is an abuse of discretion on this record.

As to her request for sanctions under section 271, Donna states Nicholas failed to produce documents pursuant to the parties' stipulation and documents sought in her "Notice to Appear At Trial With Documents," failed to update his income and expense declaration, and "improperly filed his [request for order] to avoid paying his child support on his December 20187 [*sic*] bonus." Again, however, Donna fails to cite to the record or explain why the family court's denial of sanctions was an abuse of discretion. At the hearing, when asked about the motion for sanctions, Donna's attorney stated only that "she may have added [section 271] motions because of various things. For example, [Nicholas] did not comply with the notice to appear and produce documents on occasion." When ruling on the motion, the commissioner indicated that she had not "heard anything from the [DCSS] indicating that [Nicholas] has not been forthright or providing the information required to determine what his income is." Because Donna has not explained why denial of sanctions was an abuse of discretion, we reject the argument.

Donna next contends the court erred in failing to rule on her request for production of documents. Donna does not point to anything in the record showing she sought such a ruling, nor was that issue raised at the March 21, 2019 hearing. Accordingly, we will not consider it on appeal.

Donna also asserts the court erred in ruling on child support modification without an updated income and expense declaration from Nicholas. Donna notes Nicholas's last income and expense declaration was filed in July 2018, almost nine months before the March 2019 hearing. She

further argues that Nicholas "received a $75,000 bonus in mid-February just weeks after filing his January declaration, and [a] $25,000 bonus in July just weeks after filing his July declaration."

First, we reject Donna's claim because she does not cite to evidence in the record supporting her argument, nor did she raise an objection to the failure to provide an updated income and expense declaration at the March 2019 hearing. Moreover, DCSS indicated at the hearing that it had prepared "two recent declarations with proposed guidelines" using Nicholas's income "as he declares on his income and expense declaration, but . . . also including his known bonuses since the filing date of the motion, which again was January of 2018." The DCSS staff attorney further explained, "Our information, which is, I believe, very accurate since we're in contact with his employer's payroll department for the purpose of calculating the quarterly '*Smith-Ostler*,' we believe [Nicholas] received a bonus of $75,000 in February of 2018, $25,000 in July of 2018 for his so-called midyear bonus, and then $150,000 for his end-of-year bonus in December of 2018." Donna's attorney twice stated he had no objection to the proposed calculations prepared by DCSS, other than to request, if the commissioner was unwilling to impute income to Nicholas for 2019, that she use what he earned in 2018 as his base until the child emancipated in June 2019. Donna cites to no evidence in the record that the information relied on by DCSS about Nicholas's income was inaccurate and she forfeited any claim of error by failing to object. (See *In re Marriage of Nelson* (2006) 139 Cal.App.4th 1546, 1558 [appellate court will ordinarily not consider procedural defects or erroneous rulings which could have been, but were not, presented below].)

Donna cites California Rules of Court, rule 5.260 and San Mateo County Superior Court Local Rules, rule 5.11(B) in support of her argument

18

that the family court erred by proceeding without a recent income and expense declaration from Nicholas.[14] But " '[w]hile a Rule of Court phrased in mandatory language is generally . . . binding on the courts . . . departure from it is not reversible error unless prejudice is shown.' " (*In re Marriage of Steiner & Hosseini* (2004) 117 Cal.App.4th 519, 524.) Because the record reflects the court had current income and expense information before it, including information about Nicholas's bonuses, Donna has failed to demonstrate she was prejudiced by Nick's failure to file more recent income and expense declarations.

Next, Donna asserts that the court abused its discretion in issuing a below guideline order. Specifically, she asserts DCSS improperly calculated Nicholas's bonuses for 2018, and Donna has not received "one penny" from his July and December 2018 bonuses. Similarly, she contends the court "granted a reduction in support though [her] attorney pointed out to the Court in the March trial that [Nicholas] overall claimed income higher than that of the prior years." Donna also contends the family court improperly imputed income to her, failed to rule on her pretrial objection to the proposed guideline, and violated due process by not ruling on her motion in limine to exclude declarations in support of the support order before the trial and not addressing inaccuracies.

---

[14] California Rules of Court, rule 5.260 requires parties to hearings involving child support to complete, file, and serve a current "Income and Expense Declaration" (Judicial Council form FL-150) on all parties within three months. San Mateo County Superior Court Local Rules, rule 5.11(B)(1) states, "A case may not be heard unless current Income and Expense Declarations have been completed by each side, filed with the court, and served on the opposing party. . . . within 60 days of the hearing."

19

We likewise reject these claims because once again, Donna fails to cite record evidence in support of her arguments. Moreover, as noted above, Donna's attorney did not object to the calculations or the family court's order because it was below the child support guideline amount, but only requested the family court consider using Nicholas's 2018 income as his base for 2019. As to the motion in limine, Donna's attorney never asked Commissioner Holt to rule on the motion at trial. When counsel for the DCSS reminded her about the in limine motion at end of trial, Commissioner Holt denied the motion. Donna's attorney did not present any argument or raise any objection.

Donna next argues the family court erred in determining Nicholas's earning capacity and failing to impute income. Essentially, Donna argues that Nicholas is a successful and experienced attorney at a major law firm who has earning capacity far beyond his reported income. Apart from failing to cite any evidence in the record supporting her argument, Donna also fails to explain how the family court abused its discretion in refusing to impute income.

After listening to detailed testimony from Nicholas under examination by Donna's attorney, the family court stated its reasons on the record for failing to impute income to Nicholas. Commissioner Holt noted, "The Court's number one concern, quite frankly, is the care of the child, that there is sufficient money being provided to meet the standard base needs of the child." Noting Nicholas "is someone who, granted at some point in his career made significantly more money than what he is making now, at that time potentially would have qualified as an extraordinary earner, but who still, in the Court's opinion, is making a good income and, based on the calculation, is providing with that income for his child." Commissioner Holt observed she

20

had "a hard time imputing where, in this Court's opinion, based on the testimony and based on the income that we know he received last year, is making good money." In the absence of any explanation from Donna why that reasoned ruling based on the evidence before the court constituted an abuse of discretion, we find no error.

Finally, Donna contends the family court erred and abused its discretion in failing to use the proper legal standard to determine the needs of the child. Noting the law requires the child to live in the current standard held by his father, which can be based on earnings, rather than frugal living (see *In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 292), Donna argues the family court failed to make factual findings as to the needs of the child. As with her other arguments, however, Donna has failed to provide any citations to the record in support of her argument. Because we must presume the correctness of the judgment, we will not reverse absent a demonstration, based on evidence in the record, that the family court abused its discretion.

## D. *Request for Judicial Notice*

Donna filed a request for judicial notice on July 27, 2020, asking us to take judicial notice of four exhibits attached to her request. We note the request is procedurally infirm because Donna failed to indicate whether the matter she seeks to have judicially noticed was presented to the family court and whether the family court took judicial notice of the matter. (Cal. Rules of Court, rule 8.252(a)(2)(B).) Notwithstanding this defect, we will rule on the motion.

Donna's request that we judicially notice the parties' stipulation from 2011 is denied as it is unnecessary to resolution of the appeal. She apparently contends the stipulation is relevant to show that she was unable

21

to move away from the Bay Area and thus an above-guideline order was warranted.  Because it is unclear whether this information was presented to the family court or whether it relates to the orders at issue in this appeal, we do not consider it.

Donna's request that we judicially notice the content of Nicholas's pay stubs (exhibit B) and "the content of the forensic service that sets forth that 'profit sharing' and '401K plans' are *earnings available for support*" (exhibit C) are denied, as those exhibits are unauthenticated and irrelevant to the issues raised in her briefing on appeal.  The documents Donna submitted appear to concern Nicholas's earnings in 2012.  Donna argues they show "this court previously got it wrong on [Nicholas's] earnings available for support because they improperly zeroed out profit sharing."  Donna may not present new evidence at this stage regarding our prior nonpublished opinion, *In re Marriage of Brown* (Aug. 28, 2014, A140331), which has long since become final.  (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 861 [once issues have been resolved on appeal, they are ordinarily "conclusively determined" and cannot be relitigated].)  In any event, we may not take judicial notice of the truth of matters asserted in such documents.  (*Lindsey v. Conteh* (2017) 9 Cal.App.5th 1296, 1302, fn. 2.)

Finally, Donna's request that we judicially notice a copy of our prior nonpublished opinion with certain text highlighted (exhibit D) is denied.  Donna contends the "prior appeal is relevant because both [DCSS and Nicholas] refer to the prior appeal in their briefs" and because "it shows historical earnings relevant to imputation in this current appeal."  We take judicial notice of our prior nonpublished opinion, *In re Marriage of Brown*, *supra*, A140331, which was already in the respondent's appendix filed by

Nicholas, but we do not take judicial notice of Donna's highlighting. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

## III.  DISPOSITION

The orders of the family court are affirmed.  Respondents shall recover their costs on appeal.

MARGULIES, J.

WE CONCUR:


HUMES, P. J.


BANKE, J.


A156856
*In re Marriage of Brown*